```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF ALABAMA
                             SOUTHERN DIVISION

BIREKA ARSO, # 236543,              *
                                    *
      Petitioner,                   *
                                    *
vs.                                 *    CIVIL ACTION NO. 22-00256-JB-B
                                    *
REOSHA BUTLER,                      *
                                    *
      Respondent.                   *
```

### REPORT AND RECOMMENDATION

Bireka Arso ("Arso"), an Alabama state prisoner in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this matter.[1]

---

[1] Because Arso filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004). Arso has failed to establish that an evidentiary hearing is warranted in this case. See Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing.").

Having carefully considered Arso's petition and Respondent's answer and exhibits, the undersigned recommends that Arso's habeas petition be **DISMISSED with prejudice** as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A), and that judgment be entered in favor of Respondent and against Arso. In the event Arso requests a certificate of appealability and seeks to appeal *in forma pauperis*, the undersigned recommends that said requests be denied.

## I. BACKGROUND

A grand jury in Mobile County, Alabama indicted Arso for attempted murder in August 2008. (Doc. 9-2 at 16; Doc. 9-6 at 16). The case was tried before a jury, which found Arso guilty of attempted murder as charged in the indictment on January 13, 2010. (Doc. 9-2 at 17; Doc. 9-5 at 118; Doc. 9-6 at 17). On March 4, 2010, the court sentenced Arso to twenty years in prison. (Doc. 9-2 at 13; Doc. 9-5 at 141; Doc. 9-6 at 13).

Arso appealed his conviction to the Alabama Court of Criminal Appeals. (Doc. 9-5 at 141; Doc. 9-6 at 37). Through his appointed appellate counsel, Arso argued that his conviction was due to be reversed because there was a fatal variance between the material allegations of the indictment and the proof at trial. *Brief of Appellant*, Arso v. State, No. CR-09-0802, 2010 WL 3761487 (Ala. Crim. App. Aug. 19, 2010). On October 29, 2010, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Arso's conviction. (Doc. 9-8). Arso did not file an

2

application for rehearing and did not petition the Supreme Court of Alabama for a writ of certiorari, and the Alabama Court of Criminal Appeals issued a certificate of judgment on November 17, 2010. (Doc. 1 at 3; Doc. 9-1 at 1; Doc. 9-10 at 14; Doc. 9-14 at 2).

On August 15, 2011, Arso filed a Rule 32 petition in the Circuit Court of Mobile County. (Doc. 9-10). In his Rule 32 petition, Arso alleged by checkmark that the circuit court was without jurisdiction to render the judgment or impose the sentence. (Id. at 8). He further claimed that the Constitution of the United States or the State of Alabama required a new trial because (1) the circuit court's jury instructions constructively amended the indictment by improperly severing his co-defendant from the consolidated trial; (2) both his trial and appellate counsel rendered ineffective assistance;[2] and (3) the prosecutor committed misconduct by falsely representing that Arso had three prior felony convictions. (Id. at 7, 13-17). On February 5, 2014, the circuit court entered an order summarily dismissing Arso's Rule 32

---

[2] Specifically, Arso alleged that his trial counsel performed ineffectively and acted as an advocate for the State when he directed the court's attention to a superficially unfavorable case and misapplied that case to the distinguishable facts of Arso's case. (Doc. 9-10 at 15-16). Arso alleged that his appellate counsel was ineffective for failing to raise his trial counsel's ineffective assistance as an issue on direct appeal. (Id.).

petition. (Doc. 9-14). Arso did not appeal the circuit court's order. (See Doc. 9-9 at 5).

On June 27, 2022,[3] Arso filed the instant petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). In ground one of the instant petition, Arso asserts that he is "innocent of attempted murder" and asks how he could be charged with attempted murder when he was the only person injured during the incident. (Id. at 6). In ground two, Arso asserts that "the [detectives] didn't have probable cause to obtain a warrant" and claims that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were "violated with a ficti[t]ious warrant that le[]d to [his] arrest." (Id. at 7). On July 2, 2022, Arso filed a supplemental document reiterating his assertions of constitutional violations and lack of probable cause for a warrant. (Doc. 5).

On September 6, 2022, Respondent filed an answer asserting that Arso's petition is time-barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d), and that his claims are procedurally defaulted based on his failure to exhaust them in

---

[3] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion. Id. Arso's petition is dated June 27, 2022. (See Doc. 1 at 12).

4

state court. (Doc. 9). Arso's habeas petition is now ripe for consideration.

## II. **STANDARD OF REVIEW**.

The Court's review of Arso's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, "the role of the federal courts is strictly limited." Jones v. Walker, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion contrary to that reached by the United States Supreme Court on a question of law or decides a

5

case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts, or if the state court's decision involves an unreasonable factual determination. Williams v. Taylor, 529 U.S. 362, 405 (2000); Price v. Vincent, 538 U.S. 634, 638-41 (2003) (noting that a federal habeas court will disturb a state court's decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the Supreme Court, or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34, 38 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error

correction") (quotation omitted); Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (quotations omitted).

Accordingly, in evaluating Arso's § 2254 petition, the Court must abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." Hill v. Humphrey, 662 F.3d 1335, 1355 (11th Cir. 2011); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). Having established the proper standard of review, the Court will proceed to examine the timeliness of Arso's claims.

### III. **ANALYSIS**

#### A. **Timeliness**.

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner seeking a federal habeas corpus remedy must file his habeas corpus petition within a one-year period of limitation. The statute provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

There is no allegation or information suggesting that the triggering dates provided in subsections (B) through (D) of § 2244(d)(1) apply to any of Arso's claims. Thus, the one-year limitation period for Arso's federal habeas petition commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See id. at § 2244(d)(1)(A).

As noted *supra*, the Alabama Court of Criminal Appeals affirmed Arso's conviction on direct appeal on October 29, 2010. (Doc. 9-8). Arso did not file an application for rehearing and did not petition the Supreme Court of Alabama for certiorari review, and his judgment of conviction became final for purposes of § 2244(d)(1)(A) on November 17, 2010, when the Alabama Court of

8

Criminal Appeals issued a certificate of judgment. See Anthony v. Gordy, 2017 U.S. Dist. LEXIS 27714, at *5-6, 2017 WL 769956, at *3 (N.D. Ala. Feb. 28, 2017) ("Where a defendant appeals his conviction to the Alabama Court of Criminal Appeals but does not seek certiorari review in the Alabama Supreme Court, his conviction becomes 'final' for purposes of § 2244(d)(1)(A) no later than the date on which the Alabama Court of Criminal Appeals issues its certificate of judgment."); Brown v. Hooks, 176 F. App'x 949, 951 (11th Cir. 2006) (per curiam); see also Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). Thus, in the absence of a tolling event, Arso had one year from November 17, 2010 within which to file his federal habeas petition.

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam). Statutory tolling is codified at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. See 28 U.S.C. § 2244(d)(2).

Arso's one-year limitation period ran from November 17, 2010 until August 15, 2011, when his Rule 32 petition was filed.[4] By then, 271 days of the limitation period had elapsed. The pendency of Arso's Rule 32 proceeding tolled the statute of limitations until the time for Arso to appeal the circuit court's order summarily dismissing the Rule 32 petition expired on March 19, 2014. See Jackson v. Davenport, 2015 U.S. Dist. LEXIS 177014, at *13, 2015 WL 10491200, at *4 (M.D. Ala. Dec. 11, 2015) ("Petitioner's initial Rule 32 proceedings stopped tolling the AEDPA limitations period when the proceedings ceased to be pending, which happened on October 4, 2008, or the last day he could have appealed the trial court's decision."), report and recommendation adopted, 2016 U.S. Dist. LEXIS 34442, 2016 WL 1060810 (M.D. Ala. Mar. 17, 2016); Ala. R. App. P. 4(b). At that time, ninety-four days of the limitation period remained. Since there were no further tolling events, the limitation period expired on or about June 23, 2014. See Fed. R. Civ. P. 6(a)(1)(C) (providing that when the last day of the time period falls on a weekend, the period continues to run until the next business day).

Arso did not file the instant federal habeas petition until June 27, 2022, more than eight years after the expiration of

---

[4] Respondent concedes that Arso's Rule 32 petition was a properly filed application for post-conviction relief for statutory tolling purposes. (See Doc. 9 at 6).

limitation period. Thus, Arso's petition is plainly time-barred under § 2244(d)(1)(A), unless Arso can demonstrate that he is entitled to equitable tolling or another exception to the time bar.

**B.  Equitable Tolling.**

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

Arso has not raised an equitable tolling argument[5] and has failed to establish any basis for equitable tolling of the statutory limitation period. Specifically, Arso has neither alleged nor demonstrated that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition in this Court. Arso has also failed to allege or show that he exercised reasonable diligence in pursuing his rights.

---

[5] Arso left blank the section of the habeas petition form that directs a petitioner whose judgment of conviction became final more than one year earlier to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition, despite the fact that his judgment of conviction became final in 2010. (See Doc. 1 at 11).

Accordingly, Arso has failed to demonstrate that he qualifies for equitable tolling.

**C.  Actual Innocence.**

In addition, a habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted).  The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

This "standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).  "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." Id. at 537.

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup, 513 U.S. at 324 (internal citation omitted).

Arso claims that he is entitled to federal habeas relief because he is "innocent" of the crime for which he was convicted. (Doc. 1 at 6). In support of this assertion, Arso implies that he cannot be guilty of attempted murder because he was shot during the subject incident, while his alleged victim was uninjured. (See id.). However, Arso fails to present "new reliable evidence" to support his assertion. Instead, his argument merely goes to the sufficiency of the evidence presented at trial and amounts to the second-guessing of issues already decided adversely to him by a jury. Therefore, the actual innocence exception does not permit consideration of Arso's time-barred claims.

In summary, Arso's habeas petition is untimely filed, and he has failed to demonstrate his entitlement to equitable tolling or to establish that is he actually innocent of attempted murder. Accordingly, the undersigned recommends that the instant habeas

petition be dismissed as time-barred pursuant to § 2244(d)(1)(A), and that judgment be entered in favor of Respondent.[6]

IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

---

[6] Because the instant habeas petition is plainly time-barred, it is not necessary to reach any other argument raised by the Respondent or to examine the merits of Arso's claims.

its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition as time-barred, or that Arso should be allowed to proceed further. See id. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). As a result, the undersigned submits that Arso is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

V. **CONCLUSION**

For the reasons set forth above, the undersigned recommends that Petitioner Bireka Arso's petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as time-barred pursuant to § 2244(d)(1)(A), and that judgment be entered in favor of Respondent Reosha Butler and against Petitioner Arso. It is further recommended that any requests by Petitioner Arso for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED**.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **20th** day of **September, 2022.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**